**HESTON & HESTON**
RICHARD HESTON (90738)
HALLI HESTON (90737)
BENJAMIN HESTON (297798)
19700 Fairchild Road #280
Irvine, CA 92612-2521
Tel: 949-222-1041
Fax: 949-222-1043
rheston@hestonlaw.com

Attorneys for Creditor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA- SANTA ANA DIVISION

| In re: | Case No: 8:24-bk-10187-SC |
|---|---|
| SUSAN JO WHITE | Chapter 7 |
| Debtor. | **NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE TO FILE MOTION TO DISMISS PURSUANT TO BANKRUPTCY CODE SECTION 707(B)** |
| | **Hearing:**<br>Date: May 28, 2024<br>Time: 11:00 AM<br>Courtroom: 5C |

**TO THE DEBTOR, HER ATTORNEY OF RECORD, THE UNITED STATES TRUSTEE, CHAPTER 7 TRUSTEE, AND OTHER INTERESTED PARTIES:**

NOTICE IS HEREBY GIVEN that a hearing on the foregoing motion of Creditor, Hollie Lemkin, to extend the deadline for filing a motion pursuant to 11 U.S.C. §707(b) has been set for May 28, 2024 at 11:00 AM in Courtroom 5C of the United States Bankruptcy Court located at 411 West Fourth Street, Santa Ana, CA 92701.

Any opposition to this motion must be served on the undersigned and filed with the Court no later than 14 days prior to the hearing date. Any failure to file an opposition may be treated as consent to the relief requested herein.

Date: May 5, 2024

**HESTON & HESTON**

/s/Richard Heston
RICHARD HESTON,
Attorney for Creditor

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Creditor, Hollie Lemkin, hereby moves this Court for an order extending the deadline to file a motion pursuant to Section 707(b), and alleges as follows:

Debtor's forays in bankruptcy began in April of 2021 with her filing a Chapter 7 bankruptcy in the Southern District of California (case no: 21-01414) in violation of 28 U.S.C §1408. After the case was transferred to the Central District (case no: 8:21-bk-12064), Judge Erithe Smith dismissed the case for abuse pursuant to 11 U.S.C. §707(b)(2) & (3) on February 28, 2022.

Shortly after the dismissal, Debtor filed another Chapter 7 bankruptcy on April 18, 2022. In this case, Debtor stipulated to dismissal pursuant to Section 707(b)(2) with a 180-day bar.

On January 25, 2024, Debtor filed the instant bankruptcy proceeding. The deadline for filing of objections to discharge (§727), requests for determination of dischargeability (§523), and motions to dismiss for abuse (§707) was set for May 6, 2024.

Debtor stipulated to a Rule 2004 examination which was originally scheduled for April 10, 2024. The day before the examination, Debtor produced thousands of pages of documents in response to discovery requests. Since there was not sufficient time to review these documents prior to the examination, it was taken off calendar. Further extensions were granted to accommodate Debtor's Counsel's schedule. Ultimately, the examination was rescheduled for May 13, 2024, which is after the deadline for adversary complaints and 707(b) motions.

On April 24, 2024, Debtor stipulated to extend the deadline for filing of §523 and §727 actions to June 11, 2024. Reference to Section 707 was erroneously omitted from the stipulation.

On May 3, 2024, upon realizing this omission, Creditor's Counsel reached out to Debtor's Counsel to ask whether he would stipulate to extend the deadline for 707(b) motions to the same date as the other deadlines, and he agreed. Then, 9 minutes later, he retracted his agreement and said "*Actually, I have to take that back. File your motion. You can represent that we had a meet and confer and that we were unwilling to stipulate.*" Given that this refusal came in on a Friday afternoon, this has forced Creditor's Counsel to prepare this motion over the

2

weekend. True and correct copies of these emails are attached hereto as Exhibit A.

The deadline for filing 707(b) motions is dictated by Federal Rule of Bankruptcy Procedure 1017(e), which further provides that the court may extend this deadline "for cause". See Fed. R. Bankr. P. 1017(e)(1). Here, Debtor's history of bankruptcy filings, particularly as they relate to Chapter 7 eligibility, the Means Test, and abuse under Section 707(b), strongly indicates that the Schedules and Statements cannot be relied upon as being truthful, accurate, and complete. As such, the examination under Rule 2004 is necessary to determine whether Debtor is abusing the bankruptcy process like she did in both of her prior bankruptcy cases.

Furthermore, the extension is reasonable in light of the circumstances. By this request, Creditor would have less than a month to obtain transcripts from the Rule 2004 examination and prepare a 707(b) motion. Since the deadline for filing an adversary complaint under Section 727 is June 12, the Debtor would not be able to obtain her discharge until after that date, regardless of whether a 707(b) motion is ultimately filed. So, there is no undue burden on the Debtor and the administration of the case is not affected.

For these reasons, Creditor is requesting that the Court enter an order extending the deadline for filing a motion to dismiss for abuse under Section 707(b) to June 12, to coincide with the deadline for Section 523 and 727 complaints.

Date: May 5, 2024

HESTON & HESTON

/s/Richard Heston
RICHARD HESTON,
Attorney for Creditor

## DECLARATION OF RICHARD HESTON

I, Richard Heston, declare as follows:

1. I am the attorney of record for Creditor, Hollie Lemkin. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. On April 24, 2023, I prepared a stipulation to extend various deadlines in the case. Specific reference was made to Sections 523 and 727, but Section 707 was inadvertently not referenced.

3. On May 3, 2023, upon realizing that Section 707(b) was omitted, I reached out to Debtor's Counsel to ask if he would stipulate to extend the Section 707(b) deadline to the same date that he previously stipulated to for the 523 and 727 deadline and he agreed. Then, 9 minutes later, I received an email in which he retracted the previous agreement. True and correct reproductions of these emails are attached hereto as Exhibit A.

4. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: May 5, 2024                                   /s/Richard Heston
                                                    RICHARD HESTON

4

# EXHIBIT A

**From:** Anerio V. Altman, Esq. #228445 <avaesq@lakeforestbkoffice.com>
**Sent:** Friday, May 3, 2024 12:38 PM
**To:** rheston@hestonlaw.com
**Cc:** Benjamin Heston <ben@hestonlaw.com>
**Subject:** Re: Lemkin vs. White #3

Actually, I have to take that back. FIle your motion. You can represent that we had a meet and confer and that we were unwilling to stipulate.

On Fri, May 3, 2024 at 12:29 PM Anerio V. Altman, Esq. #228445 <avaesq@lakeforestbkoffice.com> wrote:

> That's fine. I tried filing a 707(b)(3) objection a long time ago and had a standing issue but that's when I was new to the Bk world.
>
> On Fri, May 3, 2024 at 11:58 AM <rheston@hestonlaw.com> wrote:
>
>> Anerio,
>>
>> Although the US trustee has not filed a Section 707(b)(2) substantial abuse statement pursuant to Section 704(b), which would otherwise trigger the 30-day deadline for filing a motion to dismiss, Ms. White's claim of below median income on the means test bars standing to any creditor who might otherwise seek to file such a motion.
>>
>> That leaves for creditors only the option of pursuing dismissal under Section 707(b)(3). Such motion must be brought within 60 days of the initial meeting of creditors. Since the meeting was March 6, 2024, that 60-day deadline expires on Sunday, May 5, 2024.
>>
>> Previously, in light of the fact that the pending 2004 examination of Ms. White has not been completed, you were agreeable to extending the bar date for adversary proceedings to June 12, 2024. For the same reasons, I am requesting that you stipulate to extend the deadline for filing a motion under Section 707(b)(3) to that same June 12 deadline.
>>
>> I would appreciate a prompt response, since a refusal will simply force me to immediately file a motion that I believe would be readily granted, especially in light of the fact that the bar date has already been extended by stipulation.
>>
>> The courtesy of your prompt response will be most appreciated.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**19700 Fairchild Road, Suite 280**
**Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO EXTEND DEADLINE TO FILE MOTION TO DISMISS PURSUANT TO BANKRUPTCY CODE SECTION 707(B)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/5/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman     LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
Benjamin Heston     bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Karen S Naylor (TR)     alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 5/5/2024 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/5/2024 | **Benjamin Heston** | **/s/Benjamin Heston** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**