**HESTON & HESTON**
RICHARD HESTON (90738)
HALLI HESTON (90737)
BENJAMIN HESTON (297798)
19700 Fairchild Road #280
Irvine, CA 92612-2521
Tel: 949-222-1041
Fax: 949-222-1043
*rheston@hestonlaw.com*

Attorney for Creditor,
HOLLIE LEMKIN

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re:

**SUSAN JO WHITE**

Debtor.

Case No: 8:24-bk-10187-SC

Chapter 7

**REPLY IN SUPPORT OF MOTION TO EXTEND DEADLINE TO FILE MOTION TO DISMISS PURSUANT TO BANKRUPTCY CODE SECTION 707(b)**

**Hearing:**
Date: June 11, 2024
Time: 11:00 AM
Courtroom: 5C

     Creditor, Hollie Lemkin, hereby replies to the Debtor's Opposition to Motion to Extend Deadline to Motion to dismiss pursuant to 11 U.S.C. §707(b) as follows:

## INTRODUCTION

     Debtor's opposition hinges on two main arguments: first, that Movant lacks standing to file a § 707(b) motion, and second, that Movant has not established cause for extending the deadline to file such a motion. Debtor asserts she is a "below median income debtor" based on her "uncontroverted" written declaration testimony. However, this assertion remains unchallenged only because the mechanism to dispute it is the §707(b) motion which is the subject of this motion. At the time this motion was filed, Movant was in the active process but did not yet have sufficient updated and current financial information to determine whether a §707(b) motion was warranted. In fact, this case was filed at 7:54 p.m. on January 24, 2024,

1

when Debtor's judgment debtor exam was scheduled to proceed on January 26, 2024 in the Orange County Superior Court case of "Susan White vs. Law Office of Hollie Lemkin", case number 30-2017-0093-3576 (the "State Court case"), solely to stop the examination and prevent Movant from being able to obtain current financial information. Given that Debtor's two prior bankruptcies were both dismissed pursuant to §707(b), and her claim of exemption in the State Court case had been recently denied, it was very likely that a §707(b) would be filed present case. Now that Debtor's rule 2004 examination to which she stipulated (conceding good cause) was taken on May 13, 2024, and she has produced various documents, that information is mostly available, and it appears that a §707(b) motion is warranted and will be filed timely in accordance with the requested extension.

### 1.
### **THE DEBTOR'S ARGUMENT THAT MOVANT LACKS STANDING TO BRING A §707(b) MOTION IS PREDICATED ON THE DEBTOR BEING A BELOW MEDIAN DEBTOR, WHICH MOVANT HAS REASONABLE BASIS TO BELIEVE SHE IS NOT.**

Debtor argues that the deadline should not be extended because only the U.S. Trustee has standing to bring a §707(b) motion. Although this is true when a debtor's income is below median, Movant believes that Debtor's income is above median by virtue of her deliberate underreporting of her income and/or not disclosing sources of household income, as was the case in her prior to bankruptcies which were dismissed pursuant to §707(b). If further investigation reveals that Debtor's income is below median, Movant would concede that she does not have standing to seek dismissal under §707(b).

Section 101(10A) of the Bankruptcy Code defines "current monthly income" for purposes of the Means Test as:

"(a) the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income…and

(b) includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent)"

See 11 U.S.C. §101(10A)(a)-(b).

The inclusion of the additional language under subsection (b) acknowledges that modern households often include non-marital partners who contribute to the household's finances. Therefore, contributions from such partners must be considered in determining the debtor's current monthly income for the means test. See In re Stansell, 395 B.R. 457, 462 (Bankr. D. Idaho 2008) ("Instead of including all income received by the debtor as well as the debtor's non-filing spouse, and then deducting on Line 13 that portion of the income which is not paid on a regular basis towards debtor's household expenses as a married debtor would do, **an unmarried debtor must list his or her own income, and then add to it any amounts regularly received by the debtor from another entity for the household expenses of the debtor on Line 7.**").

In Debtor's case, she and her boyfriend, Robert Stidham, have for many years lived like a married couple. Mr. Stidham testified in connection with Debtor's unsuccessful claim of exemption in the State Court that he is the CEO of a successful business and is a high-income earner. The Debtor, Mr. Stidham, and her family enjoy a high standard of living that would not be possible without the contributions of Mr. Stidham.

At Debtor's recent 2004 examination, she expressed that she has no plans to get married because her previous marriage left her somewhat disillusioned by the institution of marriage, a sentiment shared by Mr. Stidam when he was examined in connection with the prior cases. Since the Bankruptcy Code's definition of "current monthly income" includes income received by or expenses covered by a cohabitant/significant other, a debtor's personal beliefs regarding the effect of marriage (or the lack thereof) should not affect the outcome of their Chapter 7 Means Test. Debtor further testified during the 2004 examination that the amount listed on line #4 includes contributions from Mr. Stidham, but that she was unclear as to how the amount was calculated or what specific amounts and expenses were included in the calculation.

3

A major inconsistency in Debtor's various filings is the amount of her rent. In both of the prior bankruptcies and in the State Court claim of exemption Debtor filed while barred by this Court from refiling bankruptcy for 180 days after dismissal of her second bankruptcy in order to prevent Debtor from invoking for a third time the automatic stay to prevent Movant from garnishing her wages, she listed her rent as $5,400, whereas it is listed as $2,700 in the present case, although she has not moved. Clearly, the pretense is that if her rent is $2,700 less, then she does not have to report her shortfall as contribution income, even though $5,400 is being paid by an undisclosed contribution to the household by Mr. Stidham. Given that this difference is equal to $32,400 on an annual basis, further inquiry into the extent of this misleading tactic would be justified on this fact alone.

### 2.

### MOVANT HAS ESTABLISHED THAT CAUSE EXISTS FOR EXTENDING THE DEADLINE BECAUSE THE RULE 2004 EXAMINATION WAS NECESSARY TO ESTABLISH WHETHER THERE WAS SUFFICIENT GROUNDS TO BRING A §707(B) MOTION

Debtor argues that the Rule 2004 Examination was unnecessary because: 1) the Debtor has previously been deposed by Movant several times; and 2) that Movant is so intimately familiar with the financial affairs of the Debtor that she must possess all of the information that would be necessary to form the basis of a §707(b) motion. This argument disregards the fact that a §707(b) motion is **case specific**. Obviously, none of these prior depositions could have revealed any information regarding the Chapter 7 Statement of Your Current Monthly Income filed in this case on January 25, 2024. This is the second time that Debtor has made this same argument. In Debtor's initial 2021 bankruptcy case misfiled in the Southern District[1], Movant

---

[1]    Notably, while residing at the same address in Orange County, Debtor initially filed her first Chapter 7 case in the Southern District of California, a forum convenient to neither her creditors nor Debtor. The court in the Southern District granted Movant's motion to transfer the case to the Central District, finding no basis to have filed in the improper venue.

4

sought an extension of time to file a §707(b) motion so that further inquiry could be conducted as to the facts asserted in the Debtor's Means Test. In her opposition, the Debtor argued:

> "Debtor was previously represented by Movant in a family law case and subsequently after the family law case was over the Movant and Debtor were involved in a civil litigation matter, case 30-2017-00933576-CU-PN-CJC. So for over 4 years the parties have been in litigation, completed all discovery and obtained a judgment. The civil litigation was such that Movant had inside and full knowledge of the Debtors, income assets and debts. Hollie Lemkin has personal first hand knowledge of my finances. She was Debtors family law attorney from Fab 2013 until Sept 2016 and then Movant was the defendant/cross-complainant in the suit on my breach of contract and malpractice case from Sept 2017 until December 2020. Debtor provided her financial documents to Movant during this time."

See Exhibit A – Debtor's Opposition to Motion to Extend Deadlines, docket #25 (typographical errors in original).

Although Judge Laura Taylor of the Southern District continued the hearing on the motion to extend the §707(b) deadline so that it could be heard by Judge Mark Wallace (Ret.) of the Central District, her tentative ruling stated:

> **Debtor's argument that Movant should be satisfied with stale financial information from prior litigation is not well taken. Movant is entitled to the same current financial information as are the Trustee and UST.**

It goes without saying, Judge Wallace granted the motion extending the deadline. Movant then filed a §707(b) Motion to Dismiss which was granted on February 28, 2022. See Exhibit B - Order Granting §707(b) Motion to Dismiss.

Less than two months later, the Debtor filed another Chapter 7 Petition. This time, the U.S. Trustee again pursued dismissal and found that the Debtor had misstated her income, did not disclose all sources of income, and was taking deductions on the Means Test for which she was not entitled. The Debtor ultimately conceded that dismissal was warranted under §707(b) and entered into a stipulation to dismiss the case with a 180-day bar against refiling.

After the second dismissal, Movant attempted to garnish the Debtor's wages. The Debtor opposed the wage garnishment with a claim of exemption which stated that she did not have any disposable income. In other words, she was pursuing the same argument which had just failed in her two prior bankruptcies. Her claim of exemption was denied in its entirety and her attorney (her present bankruptcy counsel) failed to even appear at the hearing on the claim of exemption. Due to this meritless delay caused by Debtor's claim of exemption, Movant was only able to garnish a small amount of her income before the Debtor filed the instant bankruptcy case.

Given that the Debtor has claimed her income as fully exempt three times and has had three different judges find that this argument was without merit and based on misstatements, it would be foolish to assume that anything that the Debtor puts into her Chapter 7 Petition is anything more than baseless attempt at getting a quick and easy discharge.[2] She clearly wants to pay back none of her debts and so she disregards the fact that she is able to.

On May 13, 2024, after the instant motion was filed, Creditor took Debtor's examination pursuant to Rule 2004. Matter testified as to several things that are relevant to the consideration of a 707(b):

- She had difficulty explaining how she calculated her figure listed on line #4 of the Statement of Current Monthly Income;
- She claims to have added her boyfriend's business to her residential lease in order to justify claiming that her lease was reduced by 50% (and therefore that her boyfriend's contribution of $2,700 should not be treated as a contribution);
- She stated that she had to reduce some expenses while she was unemployed but could not state which expenses she had to cut back on. Presumably, this is due to the fact that Mr. Stidham's contributions increased to ensure that she was able to enjoy the same standard of living which had twice made her ineligible for Chapter 7.

---

[2] As noted by the court in *People v. Allison*, 48 Cal.3d 879, 895 n.6 (Cal. 1989) ("The jury was instructed, pursuant to CALJIC No. 2.21, as follows: "A witness willfully false in one material part of his testimony is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you shall believe the probability of truth favors his testimony in other particulars.")

## CONCLUSION

Debtor's argument that Movant lacks standing is boot-strapped on the assumption that this time, unlike before, she truthfully reported her income, which she has repeatedly failed to do. While this Motion has been pending, Movant took Debtor's examination which revealed facts that were not previously known and could not have been ascertained without questioning the Debtor. As such, it was reasonable for Movant to seek an extension of the time to examine the Debtor so that Movant could gather this information.

Debtor's arguments that her counsel has granted a variety of professional courtesies misstates facts that are disputed and irrelevant, and overlooks he already agreed to extend the bar date, but refuses to extend the §707(b) motion deadline.

Movant timely sought an extension of this deadline and, for the reasons stated above, has shown that the extension was necessary in order to determine whether a §707(b) motion is warranted. Defendant's opposition has failed to show otherwise or for that matter why the courtesy of an extension, one already granted with respect to the bar date for adversary complaints under Sections 523 and 727, was withheld.

Date: June 4, 2024

_____
RICHARD HESTON,
Attorney for Creditor,
Hollie Lemkin

# Exhibit A

Bill Parks, Esq. (CSB #178419)
LAW OFFICE OF BILL PARKS
316 South Melrose Drive, Suite 100
Vista, California 92081
Telephone: (760) 806-9293
E-Mail: attparks@aol.com

Attorney for Debtor
Susan Jo White

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Susan Jo White,<br><br>  Debtor. | Case 21-01414-LT7<br><br>Chapter 7<br><br>**DEBTOR'S OPPOSITION TO MOVANT HOLLIE LEMKIN'S MOTION TO EXTEND DEADLINES TO FILE MOTION TO DISMISS PER 707(b)(2)(3) OR FILE FILE COMPLAINT TO DETERMINE DISCHARGABILITY PURSUANT TO SECTION 727**<br><br>Date: 8-12-2021<br>Time: 10:00 am<br>Dept: 3<br>Honorable LAURA S. TAYLOR |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Susan Jo White, will and hereby does, through her attorney of record, Bill Parks, present RESPONSE TO MOVANTS Motion to EXTEND TIME filed 7-2-21 (Document # 17).

///

///

////

## OPPOSITION ARGUMENTS

NO GOOD CAUSE EXIST TO GRANT REQUEST:

1) Debtor filed this chapter 7 case on 4-8-2021.

2) Movant is an unsecured creditor who states in the moving papers a debt is owed of $468,549.52.

3) Debtor was previously represented by Movant in a family law case and subsequently after the family law case was over the Movant and Debtor were involved in a civil litigation matter, case 30-2017-00933576-CU-PN-CJC. So for over 4 years the parties have been in litigation, completed all discovery and obtained a judgment. The civil litigation was such that the Movant had inside and full knowledge of the Debtors, income and assets and debts. Hollie Lemkin has personal first hand knowledge of my finances. She was Debtors family law attorney from Feb 2013 until Sept 2016 and then Movant was the defendant/cross-complainant in the suit on my breach of contract and malpractice case from Sept 2017 until December 2020. Debtor provided her financial documents to Movant during this time.

4) Clearly, Movant is not in the same position as the Trustee when it comes to needing documents or time in order to ascertain the financial status of the Debtor. So while it was reasonable to extend the time for the Trustee to consider if a motion to to Object to a Discharge or to Dismiss, the same is not true as to Movant. Unlike the Trustee, the Movant previously represented Debtor in a family law matter and was then her adversary in a subsequent civil action. Movant and Debtor are not strangers to each other and additional time is not necessary.

MOVANT FAILS TO CITE ANY AUTHORITY:

5) Debtor is left to speculate as to the legal authority Movant relies upon in seeking the relief requested relief. Debtor is only told in the moving papers that the relief requested is for an extension of the deadline to file a motion to dismiss for abuse under either 707(b)(2) or (b)(3), and a and a bar date to file a complaint to object to

discharge pursuant to Sections 727 and to seek a determination of dischargability pursuant to Section 523 to September 13, 2021. Debtor contends Movant has waited too long to seek the relief as the case was filed on 4-8-2021 and Movant waited till 7-2-21 to file this motion.

## MOTION TO EXTEND TIME IS RENDERED MOOT BY MOTION TO DISMISS

6) Movant has on or about 7-7-21 filed a Motion to Dismiss or Transfer the bankruptcy case and this action negates the need for the requested relief as the Motion is now filed. The fact Movant elected to not file for relief under 727 or 523 was a choice made and Debtor contends, it is a choice which resulted in a waiver of the right or need for filing the Motion pursuant to Sections 727 and to seek a determination of dischargability pursuant to Section 523.

## CONCLUSION

Requested relief should be denied. Debtor should not be subjected to the undue burdens required by such piecemeal litigation. Equity calls for all actions should be brought at the earliest time Movant is aware of the need and right to do so. As pointed out earlier the Movant is very familiar with all financial aspects of debtor and therefor has no good cause to have time extended and file motion after motion in a dragged out manner.

LAW OFFICE OF BILL PARKS

Dated:
7-15-21

By: _____
Bill Parks Attorney for Debtor
Susan Jo White

BILL PARKS  C.S.B. #178419
316 South Melrose Drive, Suite 100
Vista, California, 92081
Ph (760) 806-9293

Attorney for Debtor;
Susan Jo White

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:
Susan Jo White,

Debtor

) CASE NO: 15-06238-LT13
)
) CHAPTER 7
)
) DECLARATION OF DEBTOR
) IN SUPPORT OF DEBTOR'S
) OPPOSITION TO MOTION TO
) EXTEND TIME BY MOVANT
) HOLLIE LEMKIN
)
)
)
) Date: 8-12-2021
) Time: 10:00 am
) Dept: 3
) Honorable LAURA S. TAYLOR

I, Susan Jo White, do hereby declare:

1. I have personal knowledge of the facts set forth herein, I am over the age of 18 and if called upon as a witness, I could and would competently testify thereto in a Court of law.

2. Movant, Hollie Lemkin has no need for extra time to gather information about me as she has personal first hand knowledge of my finances. She was my family law attorney from Feb 2013 until Sept 2016 and then she was the

1

1  defendant/cross-complainant in the civil suit on my breach
2  of contract/malpractice case from Sept 2017 until December
3  2020. My financial documents were provided to her during
4  both of these times and my current situation has only
5  changed for the worse with the significant debt from the
6  malpractice loss and the IRS debt to fight Hollie during
7  the malpractice case.
8      I declare under penalty of perjury under the laws of the United
9  States that the foregoing is true and correct. Executed on (date)
10 July 15, 2021, at (city) Lake Forest, (State) CA.

*Susan Jo White*
Susan Jo White

**Case #** 21-01414-LT7
**Case Name: Feral vs. Krikorian**

**PROOF OF SERVICE**

I, the undersigned, hereby declare that I am over the age of eighteen (18) years and not a party to the within action. My business address is 316 South Melrose Drive, Vista, CA 92081

On the date set out below, the following document(s) were served:

**1) Defendant and Cross-Complainant's CMC Statement**

___ **BY MAIL:** The envelope was mailed on _____, with postage thereon fully prepaid. I caused such envelope to be deposited in the mail at San Diego, California. I am readily familiar with the practices of San Diego Law Firm for processing of correspondence. In the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

___ **BY PERSONAL SERVICE:** I caused such envelope(s) to be personally served this date at the following address(es).

_X_ **BY ELECTRONIC TRANSMISSION:** By the Court via NEF; In accordance with Administrative Procedures and Guidelines for Electronic Filing the documents identified above, will be served by the Court via Notice of Electronic Filing ("NEF") and hyperlink to the document. On 7-15-21 I checked the CM/ECF docket for this bankruptcy case and the persons listed below are on the Electronic Mail List to receive NEF transmissions at the email addresses listed

___ **BY OVERNIGHT DELIVERY:** I caused such envelope(s) to be delivered on the same day to an authorized courier or driver or to a regular box or other facility regularly maintained by FEDERAL EXPRESS with delivery fees provided for, addressed to the person(s) whom it is to be served.

**Recipients of Notice via NEF**

Richard G. Heston, Esq.
rheston@hestonlaw.com

Jim L. Kennedy, CH 7 Trustee
jim@jlkennedy.com, jlk@trustesolutions.net

United States Trustee
ustp.region15@usdoj.gov
David.A.Ortiz@usdoj.gov

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on 7-15-2021, in the City of Vista, California.

Date: 7-15-21        /s/ Bill Parks
                         Bill Parks

1
PROOF OF SERVICE

# Exhibit B

RICHARD G. HESTON, Bar No. 90738
HALLI B. HESTON, Bar No. 90737
BENJAMIN R5. HESTON, Bar No. 297798
HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, CA 92612
(949) 222-1041
(949) 222-1043 Fax
rheston@hestonlaw.com

**FILED & ENTERED**

FEB 28 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle    DEPUTY CLERK

Attorneys for Creditor HOLLIE LEMKIN

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>SUSAN JO WHITE,<br><br>Debtor. | Case No. : 8:21-bk-12064-ES<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION TO TO DISMISS CASE PURSUANT TO SECTION 707(b)(2) & (3)**<br><br>Date: February 17, 2022<br>Time: 10:00 a.m.<br>Ctrm: 5A |

Notice having been duly given and good cause appearing therefore,

IT IS ORDERED that the Motion to Dismiss Chapter 7 Case Pursuant to Section 707(b)(2)& (3), filed by Creditor HOLLIE LEMKIN on November 30, 2021 as Docket 73. is granted unless Debtor elects to convert to Chapter 11 by or before February 24, 2022. Failure to convert to Chapter 11 will result in the dismissal of the case on February 25, 2022.

Date: February 28, 2022

*/s/ Erithe A. Smith*

Erithe Smith
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **Reply in Support of Motion to Extend Deadline to File Motion to Dismiss Pursuant to Bankruptcy Code Section 707(b)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/4/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Anerio V Altman**  LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
- **Benjamin Heston**  bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Karen S Naylor (TR)**  alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 6/4/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/4/2024 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE