Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
PO Box 515381
Los Angeles, CA 90051
Phone and Fax: (949) 218-2002
avaesq@lakeforestbkoffice.com
**ATTORNEY FOR DEBTOR**
**SUSAN JO WHITE**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA –SANTA ANA DIVISION

| | |
|---|---|
| In re: SUSAN JO WHITE<br><br>Debtor | Case No.: 8:24-bk-10187-SC<br><br>Chapter: 7<br><br>**DEBTOR'S EVIDENTIARY OBJECTIONS TO THE CREDITOR'S MOTION TO DISMISS FILED AS DOCKET #30**<br><br>**JUDGE:**<br>Hon. Scott Clarkson<br><br>**HEARING:**<br>Date: July 30th, 2024<br>Time: 11:00 A.M.<br>Place: 5C |

///

///

- 1

EVIDENTIARY OBJECTIONS

DEBTOR SUSAN JO WHITE ("Debtor") presents the following evidentiary objections to Creditor Hollie Lemkin's Motion to Dismiss ("MTD") filed as Docket #30:

| EVIDENCE PRESENTED | OBJECTION | RULING |
|---|---|---|
| O1: "Debtor maintained that venue for the filing in the Southern District was based upon the "interests of justice", as Debtor did not reside in nor had she resided in the Souther District for any of the prior 180 days, nor did she maintain her principal assets in that district." MTD page 3 Lines 13-16. | FRE 801 Hearsay: To the extent there is a speaker, there is no source for this statement and it is being submitted for the truth of the matter asserted. FRE 1002 Original Document: The original or copy of any document is not provided and as such the contents of any purported document cannot be admitted. | |
| O2: "Debtor claimed to be exempt from the Means Test on the basis that the debts incurred relating to her divorce were non-consumer debts, which made up a majority of her total debt overall." MTD Page 3 lines 21-23. | FRE 801 Hearsay: To the extent there is a speaker, there is no source for this statement and it is being submitted for the truth of the matter asserted. FRE 1002 Original Document: The original or copy of any document is not provided and as such the contents of any purported document cannot be admitted. | |
| O3: "The Court granted the Sec. 707(b) Motion and held, "After having reviewed the Motion, Opposition, Reply and request for judicial notice, the court adopts the analysis set forth in the Motion and Reply and incorporates the same herein." MTD Page 3 Lines 26-28. | FRE 801 Hearsay: To the extent there is a speaker, there is no source for this statement and it is being submitted for the truth of the matter asserted. FRE 1002 Original Document: The original or copy of any document is not provided and as such the contents of any purported document cannot be admitted. | |
| O4: "Less than two months after Debtor's 2021 | FRE 801 Hearsay: To the extent there is a speaker, there | |

| | | | |
|---|---|---|---|
| 1  2  3  4  5  6 | Bankruptcy was dismissed, she filed another Chapter 7 Petition ("2022 Bankruptcy") despite the fact that there had been no changes to her financial circumstances since the prior case was dismissed pursuant to Section 707(b)." MTD Page 4, Lines 1-3. | is no source for this statement and it is being submitted for the truth of the matter asserted.  FRE 1002 Original Document: The original or copy of any document is not provided and as such the contents of any purported document cannot be admitted. | |
| 7  8  9  10  11  12  13 | O5: "This time, the US Trustee was also seeking dismissal under Section 707(b) on the basis that Debtor did not disclose all sources of income, and that if she did, her case would be presumptively abusive, and Debtor could not rebut the presumption. Ultimately, Debtor conceded the merit of the U.S. Trustee's argument…". MTD, Page 4, Lines 3-7. | FRE 801 Hearsay: To the extent there is a speaker, there is no source for this statement and it is being submitted for the truth of the matter asserted.  FRE 1002 Original Document: The original or copy of any document is not provided and as such the contents of any purported document cannot be admitted. | |
| 14  15  16  17  18  19 | O6: "Debtor opposed the garnishment through a claim of exemption, in which she again claimed to have no disposable income from which to pay her debt." MTD, Page 4, Lines 10-11. | FRE 801 Hearsay: To the extent there is a speaker, there is no source for this statement and it is being submitted for the truth of the matter asserted.  FRE 1002 Original Document: The original or copy of any document is not provided and as such the contents of any purported document cannot be admitted. | |
| 20  21  22 | O7: "Just like the previous bankruptcy, there had been no changes to her financial situation following the Bankruptcy Court's determination that she has | FRE 801 Hearsay: To the extent there is a speaker, there is no source for this statement and it is being submitted for the truth of the matter asserted. | |

| | | |
|---|---|---|
| disposable income from which she could pay her debts." MTD, Page 4, Lines 11-13. | FRE 1002 Original Document: The original or copy of any document is not provided and as such the contents of any purported document cannot be admitted. | |
| O8: "At the Rule 2004 Exam held on May 12th, 2024, Debtor testified that although she included her boyfriend's contributions in the Means Test, she could not say how the amount was calculated or how she determined what contributions were "income" and which ones were "loans". MTD, Page 4, Lines 20-22. | FRE 801 Hearsay: Mr. Heston did not attend the 2004 exam and any statements made by the Debtor at that exam are not admissible by his recitation of events as they would had to have been conveyed to him by another person. | |
| O9: "Debtor further claimed that she had to reduce her expenses while she was unemployed, but could not specify which expenses she had to reduce." MTD, Page 4, Lines24-25. | FRE 801 Hearsay: Mr. Heston did not attend the 2004 exam and any statements made by the Debtor at that exam are not admissible by his recitation of events as they would had to have been conveyed to him by another person. | |
| O10: "Given that Debtor is claiming that 50% ($2,700) of her rent is not an expense paid on her behalf, it is very unlikely that she is below median." MTD, Page 5, Lines 2-3. | FRE 801 Hearsay: Mr. Heston did not attend the 2004 exam and any statements made by the Debtor at that exam are not admissible by his recitation of events as they would had to have been conveyed to him by another person. | |
| O11: "Debtor has failed to include all household income. She did this because, as was the case with her last two prior | FRE 801 Hearsay: To the extent there is a speaker, there is no source for this statement and it is being submitted for | |

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5 | bankruptcies, the inclusion of all household income would raise the presumption of abuse and, given that Debtor lists disposable income of $3,119.55, she would not be able to rebut this presumption." MTD, Page 8, Line 23. | the truth of the matter asserted.<br>FRE 1002 Original Document: The original or copy of any document is not provided and as such the contents of any purported document cannot be admitted. | |
| 6<br>7<br>8<br>9<br>10<br>11<br>12 | O12: "At the Rule 2004 Exam held on May 12th, 2024, the Debtor testified that she included her boyfriend's contributions in the Means Test but could not specify how the amount was calculated or differentiate between "income" and "Loans". She also claimd to have reduced her expenses while unemployed but could not identify specific reductions." MTD, Page 11, Line 18-22. | FRE 801 Hearsay: Mr. Heston did not attend the 2004 exam and any statements made by the Debtor at that exam are not admissible by his recitation of events as they would had to have been conveyed to him by another person. | |
| 13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | O13: "The Debtor claims that 50% ($2,700) of her rent is not an expense paid on her behalf. At her Rule 2004 Exam, she indicated that she had her lease amended to list her boyfriend's business as a co-tenant." MTD, page 111, Lines 23-25. | FRE 801 Hearsay: Mr. Heston did not attend the 2004 exam and any statements made by the Debtor at that exam are not admissible by his recitation of events as they would had to have been conveyed to him by another person.<br>FRE 1002 Original Document: The original or copy of any document is not provided and as such the contents of any purported document cannot be admitted. | |

Date: July 2, 2024         Signed:/S/ ANERIO V. ALTMAN, ESQ.

- 5 -

EVIDENTIARY OBJECTIONS

ANERIO V. ALTMAN, ESQ.
ATTORNEY FOR DEBTOR
SUSAN WHITE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26632 Towne Centre Drive #300, Foothill Ranch, CA 92610

A true and correct copy of the foregoing document entitled (*specify*):

Evidentiary Objections to 707(b) Motion to Dismiss

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **07/02/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Richard G. Heston rheston@hestonlaw.com,
yflores@hestonlaw.com,docs@hestonlaw.com;HestonRR41032@notify.bestcase.com,handhecf@gmail.com
Karen S Naylor (TR) alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) **07/02/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **07/02/2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| **07/02/2024** | **Anerio Ventura Altman, Esq.** | **/s/ Anerio Ventura Altman, Esq.** |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**