Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
PO Box 515381
Los Angeles, CA 90051
Phone and Fax:  (949) 218-2002
avaesq@lakeforestbkoffice.com
**ATTORNEY FOR DEBTOR**
**SUSAN JO WHITE**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA –SANTA ANA DIVISION

| | |
|---|---|
| In re:  SUSAN JO WHITE | **Case No.:** 8:24-bk-10187-SC |
| Debtor | **Chapter:** 7 |
| | **OPPOSITION TO CREDITOR HOLIE LEMKIN'S MOTION TO DISMISS FILED AS DOCKET #30; DECLARATION OF SUSAN WHITE IN SUPPORT** |
| | **[Filed Contemporaneously with the Debtor's Evidentiary Objections to Docket #30 and the Debtor's Request for the Court to take Judicial Notice of unpublished cases from out of the Circuit]** |
| | **JUDGE:** Hon. Scott Clarkson |
| | **HEARING:** Date:  July 16th, 2024 Time:  11:00 A.M. Place:  5C |

///

- 1 -

DEBTOR SUSAN JO WHITE ("Debtor") brings this Opposition to CREDITOR HOLLIE

LEMKIN'S Motion to Dismiss Pursuant to 11 U.S.C. Sec. 707(b) filed as Docket #30. ("MTD").

## I.    THE CREDITOR DOES NOT HAVE STANDING TO BRING A MOTION TO DISMISS AGAINST A BELOW MEDIAN INCOME DEBTOR

A.    A Creditor Does Not Have Standing to Bring a Motion under 11 U.S.C. Sec. 707(b)

Against a Below Median Income Debtor

A creditor's motion to dismiss under 11 U.S.C. Sec. 707(b) is subject to a statutory standing

requirement imposed by 11 U.S.C. Sec. 707(b)(6).  That subsection states that only the court and

the United States Trustee can bring a motion to dismiss under 11 U.S.C. Sec. 707(b) if the Debtor's

income is less than or equal to the state's median income for a household of the same size.  11

U.S.C. Sec. 707(b)(6); *see also* 1 March, Ahart and Shapiro, *California Practice Gudie:*

*Bankruptcy,* Sec 5:2216.5 at 5(II)-60; *see also*, *In Re Gandy* 2014 WL 1374050 (Bankr. E.D. Tenn.

2014), (6th District Court) slip op. at 7-8 (discussing procedural history of a case in which the court

had denied creditor's first motion to dismiss for lack of standing under 11 U.S.C. Sec. 707(b)(6)

and stated the Creditor could not plead around this issue (Unpublished); See *In re Miller* (Bankr.

C.D. Cal., Sep. 9, 2015, 2:13-bk-35116-RK) at Section 3.(Unpublished.); See also *Rabalais v.*

*Leon (In re Rabalais)* (B.A.P. 9th Cir., Mar. 1, 2021, BAP No. CC-20-1216-GFL) at 5-6

(Unpublished).

This proscription applies in this case.  The Debtor is a below median income Debtor with

an income based on the "look back period" less than that for a household of 3 in Orange County.

The median income for a household of 3 in Orange County is "$105,130" and the Debtor's income

under her means test is "$97,437.96".  Exhibit 1:  Filed Means Test.  Neither of the parties who

had standing to address this issue, the court or the United States Trustee, have challenged the

- 2

1    Debtor's means test result under 11 U.S.C. Sec. 707(b)(2).  Exhibit 2: Docket.  The court has not

2    ruled that this means test result was inapplicable.  Id.  Therefore, as of the time the MTD was filed,

3    the Debtor remains a below median income party.

4         B.      The Creditor Has Cited No Authority to Address Its Standing

5         The Creditor's MTD presents no authority to support its standing to bring this motion.  The

6    Creditor argues for the invalidity of the Debtor's Means but provides no legal authority as to why

7    the Creditor can file the MTD absent a judicial determination or amendment by the Debtor to the

8    means test.  There is neither statutory support nor case law presented substantiating any basis for

9    the court to rebut clear congressional mandate presented in 11 U.S.C. Sec. 707(b)(6).

10         C.      The Creditor Cannot Plead Around the Debtor's 707(b)(6) Objection

11         The Creditor may assert that they can plead around the issue but there is no authority for

12    this proposition in the face of a 707(b)(6) objection by the Debtor.  The proscription of 707(b)(6)

13    is one of statutory standing as opposed to a jurisdictional standing requirement.  "Statutory

14    Standing" requirements are addressed as a matter of pleading and analyzed by the court under a

15    "12(b)(6)" standard rather than a "12(b)(1)" standard.  "Unlike constitutional standing, which is

16    jurisdictional, statutory standing, such as set forth in 11 U.S.C. § 707(b)(6), may be waived" _In re_

17    _Miller, supra_ [Section B] citing _Bilyeu v. Morgan Stanley Long Term Disability Plan,_ 683 F.3d

18    1083, 1090 (9th Cir. 2012).  In this matter, the Debtor has filed a timely opposition based on 11

19    U.S.C. Sec. 707(b)(6) and has not waived a statutory standing argument.

20         Artful pleading by the Creditor is insufficient to circumvent this requirement.  In

21    _Schuchardt v. Gandy (In Re Gandy)supra, (6th District Court)(Unpublished)_ the District Court

22    reviewed a matter in which the Creditor alleged that the means test itself was not correctly

23

24

calculated and as such they could proceed with their Motion to Dismiss under 11 U.S.C. Sec. 707(b)(6) with sufficient standing. Id.  As here, the creditor in that matter alleged that the Debtor misrepresented information in support of her means test and the court could disregard the result that presented the Debtor as a below median income.  Nevertheless, the District Court determined the Creditor did not have standing:

> The starting point for interpreting any statute is its plain language, and where the statutory language "is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S. Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S. Ct. 192, 194, 61 L.Ed. 442 (1917)). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 254, 112 S. Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (quoting *Rubin v. United States,* 449 U.S. 424, 430, 101 S. Ct. 698, 701, 66 L.Ed.2d 633 (1981)). "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *Ron Pair Enters., Inc.,* 489 U.S. at 240-41, 109 S. Ct. at 1030. There is no ambiguity regarding the limitations imposed by § 707(b)(6), which is the subsection expressly implicated herein - if a debtor's current monthly income multiplied by twelve is less than the median family income for a family of the debtor's size for the state in which the debtor resides, only a judge or the United States Trustee may file a motion to dismiss under § 707(b). *See, e.g., Hiller v. Hiller (In re Hiller),* 482 B.R. 462, 469 (Bankr. D. Mass. 2012) (stating that if the debtor's current monthly income multiplied by twelve was less than the median family income, the creditor was "statutorily precluded from moving for dismissal under § 707(b)."). The limitation becomes even stricter under subsection (7), where no party, including a judge or United States Trustee, may file a § 707(b) motion involving § 707(b)(2).

*Id.*

Several circuits outside of the 9th have discussed 11 U.S.C. Sec. 707(b)(6) and echoed the sentiment that a Creditor lacks standing to bring a challenge under any section of 707(b) against a below median income Debtor.  See *Mitrano v. Consiglio (In re Consiglio)* (Bankr. D. Conn., Mar. 2, 2018, Case No.: 15-31915 (AMN)) at 7 (Unpublished); *Hiller v. Hiller (In re Hiller)* (Bankr. D.

Mass. 2012) 482 B.R. 462, 469; _In re Longo_ (Bankr. D. Conn. 2007) 364 B.R. 161 at 6; _Cousin v. Westbrook (In re Westbrook)_ (Bankr. N.D. Ohio, Nov. 5, 2014, Case No.: 13-35191) page 4-5 (Unpublished); _In re Ellringer_ (Bankr. D. Minn. 2007) 370 B.R. 905; _In re Augugliaro_ (Bankr. E.D. Mich., Sep. 24, 2021, No. 20-32000-JDA)(Unpublished); _In re Ajunwa_ (Bankr. S.D.N.Y., Sep. 4, 2012, No. 11-11363 (ALG)(Unpublished); _Rice, Heitman & Davis, S.C. v. Sasse (In re Sasse)_ (Bankr. W.D. Wis. 2010) 438 B.R. 631 footnote 28; _Desiderio v. Parikh (In re Parikh)_ (Bankr. E.D.N.Y. 2014) 508 B.R. 572, 594 (Discussing 707(b)(4) standing).

The Creditor cannot plead its standing into existence. Congress has determined that this avenue is not available to a Creditor with a below median income Debtor.

## II.      THE CREDITOR HAS FAILED TO DEMONSTRATE THAT THE DEBTOR'S CASE SHOULD BE DISMISSED FOR ABUSE

Without waiving any argument pertaining to the Creditor's standing, the Creditor still fails to demonstrate that the Debtor's case should be dismissed for abuse under 707(b)(2) or (3).

A.      The Creditor Fails To Demonstrate How the Debtor's means Test Does not Accurately Reflect Her Disposable Income

The Creditor's argument that the Debtor's "Means Test" result is inaccurate hinges on two points: That the Debtor did not properly include all of the income she received from her boyfriend in the calculation of her current monthly income; and the Debtor miscategorized certain income and expenses in an effort to deceive the court.

1.      The Creditor's Argument Is Not Supported by Any Admissible Evidence

As a preliminary matter, the Creditor has failed to file any admissible evidence in support of its argument. <u>See the Debtor's Evidentiary Objections.</u>

1    The Creditor had sufficient time and resources to properly document this MTD if they

2    chose to do so and they have supported their MTD only with a hearsay ridden declaration from

3    Creditor's counsel.  The Creditor argues that the Debtor failed to include all of the contributions

4    she received from her boyfriend.  The Creditor took the 2004 exam of the Debtor, received

5    document production and attended a 341a hearing.  However, the Creditor fails to include any

6    evidence that this income was not included in her means test.  Instead, the Creditor just refers

7    generally to underlying evidence that they do not present, or hearsay evidence that is inadmissible.

8    The Creditor has not put the work in to prosecute this matter and should not be rewarded

9    for their indolence.

10    2.    The Debtor's Means Test Demonstrates Sufficient Income Derived From

11    Her Boyfriend's Contribution To Equate to Her Monthly Expenses

12    The Debtor's means test demonstrates sufficient income to address her expenses.

13    The Creditor complains that the Debtor has not included all of the income received from

14    her boyfriend.  However, during the "look back period", the Debtor's means test demonstrates

15    approximately $7,000 a month received from contributions to her income from other parties in

16    addition to unemployment compensation which puts it slightly higher than $8,000.  Exhibit 1,

17    *supra.*  The Debtor's expenses per Schedule J are approximately $8,000 a month.  Exhibit 3.  The

18    Debtor's receipt of funds from third parties consists of significant contributions which were

19    properly listed on her means test.  This matches the Debtor's monthly expenses for the "look back

20    period".

21    3.    The Creditor Has Not Demonstrated Why the Debtor's Personal Expenses

22    Must Include The Totality of the Rent Owed by Two Entities

23

24

The Creditor has not provided any support for its assertion that the Debtor should include the totality of the rent due and paid for both her and her boyfriend rather than just the rent she owes individually.

The Debtor splits the rent with her boyfriend.  <u>Declartion of Susan White.</u>  His corporation is the "Co-Tenant" but he lives there for some amount of time and ensures his corporation pays half the rent.  <u>Id at Attachment 1.</u>  The Debtor's boyfriend rents, and pays for the rent, of half of the Debtor's residence.  <u>Id.</u>  The Debtor and he reached an accord based on his frequency of time spent at the residence and the Debtor's lack of income.  <u>Id.</u>  That accord required him to pay half of the rent starting in 2023.  <u>Id.</u>  He is an obligor on the lease.  He isn't paying the Debtor as a sub-lessor whereby he is contributing to her overall expenses, he is paying his rent directly to the landlord.  <u>Id.</u>  At times, the Debtor's boyfriend has contributed to the Debtor's half of the rent as well. That additional income was included on the means test.  <u>Id.</u>

The Creditor has not provided any argument as to why a non-debtor co-tenant's payment of their individual rental obligations under a lease would constitute income attributed toward the Debtor's income for purposes of the means test.   What case law exists supports the discussion that a roommate's contribution should be included in the means test as the Creditor argues, as it has been here, but if that were the case the Debtor would be able to enlarge her household by one.  <u>In re Epperson</u>, 409 B.R. 503, 508 (Bankr. Ariz. 2009).   Thus, even allowing for the Creditor's argument, the Debtor, with a household of four, would still be below median income.

> **B.**     The Debtor Lost Her Job Post-Petition And No Longer Maintains Sufficient Income To Provide Any Surplus Income

1    Even if the court were to grant the Creditor standing to argue under 11 U.S.C. Sec.

2    707(b)(3), the post-petition events in this matter would weigh against the Creditor's arguments.

3    Whatever argument could be posed as to the Debtor's pre-petition income would have become

4    moot by the Debtor's loss of income post-petition.

5    Prior the filing of the petition, the Debtor had been relying upon her boyfriend for support

6    after the loss of her prior employment in or around April 2023.  Declaration of Susan White, supra.

7    This was not a tenable situation.  Id.  The Debtor had been supporting herself for many years and

8    greatly treasured her autonomy both for herself and the safety of her children.  Id.  In or around

9    December 2023 she found new employment paying comparatively close to what she was making

10    previously.  Id.

11    Shortly after the petition was filed in January 2024, she was let go on or around February

12    20th, 2024.  Id.  She currently has no source of employment income and has no job prospects.  Id.

13    Her boyfriend has not paid his portion of the rent since March 2024.  Id.  The future is not bright

14    or promising.  Id.

15    These factors need to be taken into consideration by this court.  It is appropriate for this

16    court to consider post-petition events in evaluating the totality of the circumstances of abuse for

17    707(b)(3) evaluations.  In re Pak (Bankr. N.D. Cal. 2006) 343 B.R. 239; In re Henebury, 361 B.R.

18    595 (Bankr. 14 S.D. FL 2007); In re Pennington, 348 B.R. 647 (Bankr. D. DE 15 2006); In re

19    Mundy, 363 B.R. 407 (Bankr. M.D. PA 2007)(Overruled for other reasons by In Re Smith, Bankr.

20    M.D. Pa. 2010) 438 B.R. 69; In re Maya (Bankr. S.D. Cal. 2007) 374 B.R. 750.  The Creditor was

21    of the Debtor's job loss, but chose not to bring this to the court's attention.  The Creditor does not

22    get to cherry pick the totality;  The term, by its definition, is all encompassing.

23

24

**III.      PRAYER**

Debtor requests that the court deny the Motion to Dismiss without leave to amend.

Date:  July 2nd, 2024                          Signed:/S/ ANERIO V. ALTMAN, ESQ.
                                                       ANERIO V. ALTMAN, ESQ.
                                                       ATTORNEY FOR DEBTOR
                                                       SUSAN WHITE

## **DECLARATION OF SUSAN WHITE IN SUPPORT OF HER OPPOSITION**

I, SUSAN WHITE, declare as follows:

1. I am over the age of 18 years old and legally able and competent to testify to the following in a court of law if required to do so.

2. My boyfriend lives with me when he visits California, but he travels greatly because of his job.  On average he is here only 1-2 weeks a month.  He is here most weekends.  He also has a residence in Scottsdale, Arizona.

3. His corporation is technically a co-tenant with me.  A true and correct copy of our lease is attached to this declaration.  <u>Attachment 1 to Declaration.</u>

4. Although his corporation is technically a co-tenant, he is the one personally utilizing the property.

5. Because he was spending so much time at my place, we agreed that he needed to pay half the rent starting in 2023.

6. His corporation is an obligor on the lease.

7. He doesn't pay rent to me.  He pays rent to the landlord directly.

8. At times she has covered some amount of my rent.

9. At times he has paid some amount of my household expenses.

10. In the six months prior to the bankruptcy petition being filed he covered the majority of my household expenses.  This was an unacceptable situation.  I don't want my household income to depend on any other person than myself.

11. All the income I received from my boyfriend was included in the calculation of the means test.

12. I acquired employment in or around December 2023 at a corporation in my field.

13. In or around February 20th, 2024 I was let go.  I shared all of the information in my possession regarding my termination with the United States Trustee upon their request.  I am prohibited from publicly discussing the details of this termination by a Non-Disclosure Agreement.

14. I am a 55 year old mother of 2 in a specialized sales field.

15. I have been unable to find employment.

16. I have no leads on any available employment at this time.

17. My boyfriend has not paid his part of the rent since March 2024.

18. I am greatly concerned about my future and the future of my family.

19. I make these declarations under penalty of perjury of the laws of the United States.

Dated: 7/2/2024                         Signed: _____
                                                 SUSAN WHITE

Opposition

ATTACHMENT TO DECLARATION 1



CALIFORNIA
ASSOCIATION
OF REALTORS®

**EXTENSION OF LEASE**
(C.A.R. Form EL 11/11)

The following terms and conditions are hereby incorporated in and made a part of the Residential Lease

☐ other _____ ("Lease"),

dated _____*March 6, 2019*_____ , on property known as _____*10 Snowberry*_____

_____*Lake Forest, CA  92630*_____ ("Premises"),

in which _____*Susan White*_____ is referred to as ("Tenant")

and _____*Jianfeng Li*_____ is referred to as ("Landlord").

The terms of the tenancy are changed as follows. Unless otherwise provided, the change shall take effect on the date the Lease was scheduled to terminate.

1. **EXTENSION OF TERM:** The scheduled termination date is extended to _____*April 30, 2024*_____ (Date).

2. **Rent shall be $** *5,400.00* _____ **per month.**

3. **Security deposit shall be increased by $** _____ .

4. **ADDITIONAL TERMS:** *The following individual(s) is/are to be added to the lease: EDGI RE Group. All other*
   *terms remain the same.*
   _____
   _____

**By signing below, Tenant and Landlord acknowledge that each has read, understands, and received a copy of and agrees to the terms of this Extension of Lease.**

Tenant  *Susan White* _____   Date 7/10/2023
        *Susan White*

Tenant  _____   Date _____

Landlord _____   Date _____
        *Jianfeng Li*

Landlord _____   Date _____

© 2011, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

**EL 11/11 (PAGE 1 OF 1)**


EQUAL HOUSING
OPPORTUNITY

**EXTENSION OF LEASE (EL PAGE 1 OF 1)**

EXHIBIT 1

| Fill in this information to identify your case: | | | | Check one box only as directed in this form and in Form 122A-1Supp: |
|---|---|---|---|---|

**Debtor 1**    **Susan**     **Jo**     **White**

First Name     Middle Name     Last Name

☑ 1. There is no presumption of abuse.

**Debtor 2**
(Spouse, if filing)    First Name     Middle Name     Last Name

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).

United States Bankruptcy Court for the:     **Central District of California**

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

Case number
(if known)

☐ Check if this is an amended filing

## Official Form 122A-1

# Chapter 7 Statement of Your Current Monthly Income     12/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

### Part 1: Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

☑ **Not married.** Fill out Column A, lines 2-11.

☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

    ☐ **Living in the same household and are not legally separated.** Fill out both Column A and B, lines 2-11.

    ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $0.00 | |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $0.00 | |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $6,972.33 | |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | | | |
| Ordinary and necessary operating expenses | - $0.00 | - | | |
| Net monthly income from a business, profession, or farm | $0.00 | | Copy here → | $0.00 |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | | | |
| Ordinary and necessary operating expenses | - $0.00 | - | | |
| Net monthly income from rental or other real property | $0.00 | | Copy here → | $0.00 |

| 7. | **Interest, dividends, and royalties** | | $0.00 | |
|---|---|---|---|---|

Debtor 1    Susan    Jo    White

First Name    Middle Name    Last Name

Case number *(if known)* _____

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

8. **Unemployment compensation** | $1,147.50 | |

Do not enter the amount if you contend that the amount received was a benefit under

the Social Security Act. Instead, list it here: .................................... ↓

For you.................................................................. $0.00

For your spouse....................................................

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. | $0.00 | |

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

_____

_____

Total amounts from separate pages, if any.    + _____    + _____

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B. | $8,119.83 | + _____ | = | $8,119.83 |

**Total current monthly income**

<div style="border:1px solid;">**Part 2:**   Determine Whether the Means Test Applies to You</div>

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11................................................................ Copy line 11 here → $8,119.83

Multiply by 12 (the number of months in a year).     **x 12**

12b. The result is your annual income for this part of the form.    12b. $97,437.96

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    California

Fill in the number of people in your household.    3

Fill in the median family income for your state and size of household................................................................. 13. $105,130.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ☑ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3. DO NOT fill out or file Official Form 122A-2.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
Go to Part 3 and fill out Form 122A–2.

| Debtor 1 | Susan | Jo | White | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 3: Sign Below

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X _____

Signature of Debtor 1

Date 01/25/2024
   MM/ DD/ YYYY

If you checked line 14a, do NOT fill out or file Form 122A–2.

If you checked line 14b, fill out Form 122A–2 and file it with this form.

EXHIBIT 2

7/2/24, 9:22 PM     Case 8:24-bk-10187-SC    Doc 36 CM/ECF - U.S. Bankruptcy Court (v1.7.1 - LIVE) Entered 07/02/24 21:43:34    Desc

Main Document     Page 19 of 31

Repeat-cacb, RepeatPACER, NoAutoDisch, 727OBJ

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
### Bankruptcy Petition #: 8:24-bk-10187-SC

|  |  |
|---|---|
| | *Date filed:* 01/25/2024 |
| | *341 meeting:* 03/21/2024 |
| **Assigned to:** Scott C Clarkson | *Deadline for objecting to discharge:* 05/06/2024 |
| Chapter 7 | *Deadline for financial mgmt. course:* 05/06/2024 |
| Voluntary | |
| No asset | |

**Debtor**
**Susan Jo White**
10 Snowberry Lake
Lake Forest, CA 92630
ORANGE-CA
SSN / ITIN: xxx-xx-2902
*aka* **Susan White**
*aka* **Susan J. White**

represented by **Anerio V Altman**
Lake Forest Bankruptcy II, APC
P.O. Box 515381
Ste 97627
Los Angeles, CA 90051-6681
949-218-2002
Fax : 949-218-2002
Email: LakeForestBankruptcy@jubileebk.net

**Trustee**
**Karen S Naylor (TR)**
Karen Sue Naylor, Trustee
4910 Birch Street, Suite 120
Newport Beach, CA 92660
(949) 748-7936

**U.S. Trustee**
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 01/25/2024 | 1<br>(78 pgs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $338 Filed by Susan Jo White (Altman, Anerio) (Entered: 01/25/2024) |
| 01/25/2024 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 01/25/2024) |
| 01/25/2024 | 3<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 01/25/2024) |
| 01/25/2024 | 4<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 01/25/2024) |

| 01/25/2024 | 5<br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 3/6/2024 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. for Debtor and Joint Debtor (if joint case) Cert. of Financial Management due by 5/6/2024. Last day to oppose discharge or dischargeability is 5/6/2024. (Scheduled Automatic Assignment, shared account) (Entered: 01/25/2024) |
| --- | --- | --- |
| 01/26/2024 | | Notice of Debtor's Prior Filings for debtor Susan Jo White Case Number 21-01414, Chapter 7 filed in California Southern Bankruptcy Court on 04/08/2021; Case Number 21-12064, Chapter 7 filed in California Central Bankruptcy on 04/08/2021 , Dismissed for Other Reason on 02/28/2022; Case Number 22-10652, Chapter 7 filed in California Central Bankruptcy on 04/18/2022 , Dismissed for Abuse on 10/20/2022.(Admin) (Entered: 01/26/2024) |
| 01/26/2024 | 6<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Heston, Richard. (Heston, Richard) (Entered: 01/26/2024) |
| 01/28/2024 | 7<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)5 Meeting (AutoAssign Chapter 7)) No. of Notices: 11. Notice Date 01/28/2024. (Admin.) (Entered: 01/28/2024) |
| 01/29/2024 | | Receipt of Voluntary Petition (Chapter 7)( 8:24-bk-10187) [misc,volp7] ( 338.00) Filing Fee. Receipt number A56425087. Fee amount 338.00. (re: Doc# 1) (U.S. Treasury) (Entered: 01/29/2024) |
| 01/29/2024 | | Receipt of Voluntary Petition (Chapter 7)( 8:24-bk-10187) [misc,volp7] ( 338.00) Filing Fee. Receipt number A56425087. Fee amount 338.00. (re: Doc# 1) (U.S. Treasury) (Entered: 01/29/2024) |
| 03/06/2024 | 8 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 3/21/2024 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Naylor (TR), Karen) (Entered: 03/06/2024) |
| 03/06/2024 | 9<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Karen S Naylor (TR) (RE: related document(s) 8 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings)). (Naylor (TR), Karen) (Entered: 03/06/2024) |
| 03/21/2024 | 10<br>(6 pgs) | Stipulation By Law Offices of Hollie A. Lemkin and *Stipulation for Order Authorizing Rule 2004 Examination of Debtor Susan Jo White by Creditor Law Offices of Hollie A. Lemkin and Production of Documents Pursuant to FRBP 2004 and 9016* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 03/21/2024) |
| 03/21/2024 | | Chapter 7 Trustee's Report of No Distribution: I, Karen S Naylor (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules |

| | | |
|---|---|---|
| | | required by this chapter(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 208048.11, Assets Exempt: $ 281910.15, Claims Scheduled: $ 1243830.75, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 1243830.75. . (Naylor (TR), Karen) (Entered: 03/21/2024) |
| 03/21/2024 | 11 (2 pgs) | Order On Stipulation Authorizing Rule 2004 Examination Of Debtor Susan Jo White By Creditor Law Offices Of Hollie A. Lemkin And Production Of Documents Pursuant To FRBP 2004 And 9016. IT IS ORDERED: 1. Debtor Is Ordered To Appear Pursuant To FRBP 2004 For Examination By Lemkin On Any Topic Subject To Inquiry On April 10, 2024 At 10:00 A.M., Through Virtual Means, Under Oath And Recorded By A Court Reporter. 2. Debtor Is Ordered To Produce, Pursuant To FRBP 2004, Any And All Documents Responsive Of The Document Requests Identified In Exhibit A Attached Thereto By No Later Than April 10, 2024. (PDF-BNC) (Related Doc # 10 ) Signed on 3/21/2024 (NB8) (Entered: 03/21/2024) |
| 03/23/2024 | 12 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)11 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 03/23/2024. (Admin.) (Entered: 03/23/2024) |
| 04/22/2024 | 13 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AUTU) (Entered: 04/22/2024) |
| 04/23/2024 | 14 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Heston, Benjamin. (Heston, Benjamin) (Entered: 04/23/2024) |
| 04/24/2024 | 15 (3 pgs) | Stipulation By Law Offices of Hollie A. Lemkin and *Susan Jo White* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 04/24/2024) |
| 04/25/2024 | 16 (1 pg) | Order On Stipulation To Extend Bar Date. IT IS ORDERED: 1. The Stipulation Is APPROVED. 2. Creditor May Have Until June 12, 2024, To File An Adversary Complaint To Determine Dischargeability Or To Object To Discharge Under 11 U.S.C. Section 523 And 11 U.S.C. Section 727. (BNC-PDF) (Related Doc # 15 ) Signed on 4/25/2024 (NB8) (Entered: 04/25/2024) |
| 04/25/2024 | 17 (4 pgs) | BNC Certificate of Notice (RE: related document(s)13 Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 04/25/2024. (Admin.) (Entered: 04/25/2024) |
| 04/27/2024 | 18 (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)16 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/27/2024. (Admin.) (Entered: 04/27/2024) |
| 05/05/2024 | 19 (7 pgs) | Motion to Extend Time *re Section 707(b) Motions* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) - See docket entry no.: 20 for corrections - Modified on 5/6/2024 (NB8). (Entered: 05/05/2024) |
| 05/05/2024 | 21 | Hearing Set (RE: related document(s)19 Motion To Extend Deadline To File Motion To Dismiss Pursuant To Bankruptcy Code Section 707(b) filed by Creditor Law Offices of Hollie A. Lemkin) The Hearing date is set for 6/11/2024 at 11:00 |

| | | 411 Fourth St., 411 W 4th St, Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 05/06/2024) |
|---|---|---|
| 05/06/2024 | 20 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION. WHICH IS: JUNE 11, 2024 AT 10:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701.** (RE: related document(s)19 Motion to Extend Time filed by Creditor Law Offices of Hollie A. Lemkin) (NB8) (Entered: 05/06/2024) |
| 05/07/2024 | 22 (2 pgs) | Notice of Hearing *Amended Notice of Hearing* Filed by Creditor Law Offices of Hollie A. Lemkin (RE: related document(s)19 Motion to Extend Time *re Section 707(b) Motions* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) - See docket entry no.: 20 for corrections - Modified on 5/6/2024 (NB8).). (Heston, Richard) (Entered: 05/07/2024) |
| 05/28/2024 | 23 (81 pgs) | Opposition to (related document(s): 19 Motion to Extend Time *re Section 707(b) Motions* filed by Creditor Law Offices of Hollie A. Lemkin) Filed by Debtor Susan Jo White (Altman, Anerio) - See docket entry no.: 25 for corrections - Modified on 5/29/2024 (NB8). (Entered: 05/28/2024) |
| 05/29/2024 | 24 (1 pg) | Personal Financial Management Course Certificate for Debtor 1 (Official Form 423) (Geving, Allison) (Entered: 05/29/2024) |
| 05/29/2024 | 25 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA WITH THE CORRECT HEARING INFORMATION, WHCH IS: JUNE 11, 2024 AT 11:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701.** (RE: related document(s)23 Opposition filed by Debtor Susan Jo White) (NB8) (Entered: 05/29/2024) |
| 06/04/2024 | 26 (17 pgs) | Reply to (related document(s): 23 Opposition filed by Debtor Susan Jo White) Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 06/04/2024) |
| 06/11/2024 | 27 (5 pgs) | Notice of lodgment Filed by Creditor Law Offices of Hollie A. Lemkin (RE: related document(s)19 Motion to Extend Time *re Section 707(b) Motions* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) - See docket entry no.: 20 for corrections - Modified on 5/6/2024 (NB8).). (Heston, Richard) (Entered: 06/11/2024) |
| 06/11/2024 | 28 (2 pgs) | Order After Hearing On Motion To Extend Deadline To File Motion To Dismiss Pursuant To Section 707(b). IT IS ORDERED: 1. The Motion Is GRANTED. 2. The Deadline For Creditor Law Offices Of Holly A. Lemkin, APC To File A Motion To Dismiss Pursuant To 11 U.S.C. Section 707(b) Is EXTENDED TO JUNE 12, 2024. (BNC-PDF) (Related Doc # 19 ) Signed on 6/11/2024 (NB8) (Entered: 06/11/2024) |
| 06/11/2024 | 33 | Hearing Held On Motion (RE: related document(s)19 Motion To Extend Deadline To File Motion To Dismiss Pursuant To Bankruptcy Code Section 707(b) filed by Creditor Law Offices of Hollie A. Lemkin) - ORDER BY ATTORNEY - MOTION GRANTED (NB8) (Entered: 06/14/2024) |

| | | |
|---|---|---|
| 06/12/2024 | <u>29</u><br>(12 pgs) | Adversary case 8:24-ap-01087. Complaint by Hollie A. Lemkin against Susan Jo White. Fee Amount $350 Nature of Suit: (68 (Dischargeability - 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge - 727(c),(d),(e))) (Heston, Richard) (Entered: 06/12/2024) |
| 06/12/2024 | <u>30</u><br>(13 pgs) | Motion to Dismiss Case for Abuse and Notice of Motion (BNC) Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 06/12/2024) |
| 06/12/2024 | 31 | Hearing Set (RE: related document(s)<u>30</u> Motion To Dismiss Chapter 7 Case Pursuant To Section 707(b)(2) & (3) (BNC) filed by Creditor Law Offices of Hollie A. Lemkin) The Hearing date is set for 7/16/2024 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 06/13/2024) |
| 06/13/2024 | <u>32</u><br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>28</u> Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/13/2024. (Admin.) (Entered: 06/13/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/02/2024 21:22:30 | | | |
| **PACER Login:** | atty228445 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:24-bk-10187-SC Fil or Ent: filed From: 4/3/2020 To: 7/2/2024 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

EXHIBIT 3

Repeat-cacb, RepeatPACER, NoAutoDisch, 727OBJ

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:24-bk-10187-SC

|  |  |
|---|---|
| | *Date filed:* 01/25/2024 |
| | *341 meeting:* 03/21/2024 |
| | *Deadline for objecting to discharge:* 05/06/2024 |
| | *Deadline for financial mgmt. course:* 05/06/2024 |

*Assigned to:* Scott C Clarkson
Chapter 7
Voluntary
No asset

| | |
|---|---|
| ***Debtor*** | represented by **Anerio V Altman** |
| **Susan Jo White** | Lake Forest Bankruptcy II, APC |
| 10 Snowberry Lake | P.O. Box 515381 |
| Lake Forest, CA 92630 | Ste 97627 |
| ORANGE-CA | Los Angeles, CA 90051-6681 |
| SSN / ITIN: xxx-xx-2902 | 949-218-2002 |
| *aka* **Susan White** | Fax : 949-218-2002 |
| *aka* **Susan J. White** | Email: LakeForestBankruptcy@jubileebk.net |

***Trustee***
**Karen S Naylor (TR)**
Karen Sue Naylor, Trustee
4910 Birch Street, Suite 120
Newport Beach, CA 92660
(949) 748-7936

***U.S. Trustee***
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 01/25/2024 | [1](#)<br>(78 pgs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $338 Filed by Susan Jo White (Altman, Anerio) (Entered: 01/25/2024) |
| 01/25/2024 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 01/25/2024) |
| 01/25/2024 | [3](#)<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 01/25/2024) |
| 01/25/2024 | [4](#)<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 01/25/2024) |

| | | |
|---|---|---|
| 01/25/2024 | **5**<br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 3/6/2024 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. for Debtor and Joint Debtor (if joint case) Cert. of Financial Management due by 5/6/2024. Last day to oppose discharge or dischargeability is 5/6/2024. (Scheduled Automatic Assignment, shared account) (Entered: 01/25/2024) |
| 01/26/2024 | | Notice of Debtor's Prior Filings for debtor Susan Jo White Case Number **21-01414**, Chapter 7 filed in California Southern Bankruptcy Court on 04/08/2021; Case Number **21-12064**, Chapter 7 filed in California Central Bankruptcy on 04/08/2021 , Dismissed for Other Reason on 02/28/2022; Case Number **22-10652**, Chapter 7 filed in California Central Bankruptcy on 04/18/2022 , Dismissed for Abuse on 10/20/2022.(Admin) (Entered: 01/26/2024) |
| 01/26/2024 | **6**<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Heston, Richard. (Heston, Richard) (Entered: 01/26/2024) |
| 01/28/2024 | **7**<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)**5** Meeting (AutoAssign Chapter 7)) No. of Notices: 11. Notice Date 01/28/2024. (Admin.) (Entered: 01/28/2024) |
| 01/29/2024 | | Receipt of Voluntary Petition (Chapter 7)( **8:24-bk-10187**) [misc,volp7] ( 338.00) Filing Fee. Receipt number A56425087. Fee amount 338.00. (re: Doc# **1**) (U.S. Treasury) (Entered: 01/29/2024) |
| 01/29/2024 | | Receipt of Voluntary Petition (Chapter 7)( **8:24-bk-10187**) [misc,volp7] ( 338.00) Filing Fee. Receipt number A56425087. Fee amount 338.00. (re: Doc# **1**) (U.S. Treasury) (Entered: 01/29/2024) |
| 03/06/2024 | 8 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 3/21/2024 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Naylor (TR), Karen) (Entered: 03/06/2024) |
| 03/06/2024 | **9**<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Karen S Naylor (TR) (RE: related document(s) 8 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings)). (Naylor (TR), Karen) (Entered: 03/06/2024) |
| 03/21/2024 | **10**<br>(6 pgs) | Stipulation By Law Offices of Hollie A. Lemkin and *Stipulation for Order Authorizing Rule 2004 Examination of Debtor Susan Jo White by Creditor Law Offices of Hollie A. Lemkin and Production of Documents Pursuant to FRBP 2004 and 9016* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 03/21/2024) |
| 03/21/2024 | | Chapter 7 Trustee's Report of No Distribution: I, Karen S Naylor (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules |

7/2/24, 9:22 PM

Case 8:24-bk-10187-SC    Doc 36    CM/ECF - U.S. Bankruptcy Court (v1.7.3 - LIVE)
Filed 07/02/24    Entered 07/02/24 21:43:34    Desc
Main Document    Page 27 of 31

| | | |
|---|---|---|
| | | acquired by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 208048.11, Assets Exempt: $ 281910.15, Claims Scheduled: $ 1243830.75, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 1243830.75. . (Naylor (TR), Karen) (Entered: 03/21/2024) |
| 03/21/2024 | 11 (2 pgs) | Order On Stipulation Authorizing Rule 2004 Examination Of Debtor Susan Jo White By Creditor Law Offices Of Hollie A. Lemkin And Production Of Documents Pursuant To FRBP 2004 And 9016. IT IS ORDERED: 1. Debtor Is Ordered To Appear Pursuant To FRBP 2004 For Examination By Lemkin On Any Topic Subject To Inquiry On April 10, 2024 At 10:00 A.M., Through Virtual Means, Under Oath And Recorded By A Court Reporter. 2. Debtor Is Ordered To Produce, Pursuant To FRBP 2004, Any And All Documents Responsive Of The Document Requests Identified In Exhibit A Attached Thereto By No Later Than April 10, 2024. (PDF-BNC) (Related Doc # 10 ) Signed on 3/21/2024 (NB8) (Entered: 03/21/2024) |
| 03/23/2024 | 12 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)11 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 03/23/2024. (Admin.) (Entered: 03/23/2024) |
| 04/22/2024 | 13 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AUTU) (Entered: 04/22/2024) |
| 04/23/2024 | 14 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Heston, Benjamin. (Heston, Benjamin) (Entered: 04/23/2024) |
| 04/24/2024 | 15 (3 pgs) | Stipulation By Law Offices of Hollie A. Lemkin and *Susan Jo White* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 04/24/2024) |
| 04/25/2024 | 16 (1 pg) | Order On Stipulation To Extend Bar Date. IT IS ORDERED: 1. The Stipulation Is APPROVED. 2. Creditor May Have Until June 12, 2024, To File An Adversary Complaint To Determine Dischargeability Or To Object To Discharge Under 11 U.S.C. Section 523 And 11 U.S.C. Section 727. (BNC-PDF) (Related Doc # 15 ) Signed on 4/25/2024 (NB8) (Entered: 04/25/2024) |
| 04/25/2024 | 17 (4 pgs) | BNC Certificate of Notice (RE: related document(s)13 Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 04/25/2024. (Admin.) (Entered: 04/25/2024) |
| 04/27/2024 | 18 (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)16 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/27/2024. (Admin.) (Entered: 04/27/2024) |
| 05/05/2024 | 19 (7 pgs) | Motion to Extend Time *re Section 707(b) Motions* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) - See docket entry no.: 20 for corrections - Modified on 5/6/2024 (NB8). (Entered: 05/05/2024) |
| 05/05/2024 | 21 | Hearing Set (RE: related document(s)19 Motion To Extend Deadline To File Motion To Dismiss Pursuant To Bankruptcy Code Section 707(b) filed by Creditor Law Offices of Hollie A. Lemkin) The Hearing date is set for 6/11/2024 at 11:00 |

| | | |
|---|---|---|
| | | CM/ECF ... my Company...411 W Fourth St, Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 05/06/2024) |
| 05/06/2024 | 20 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION. WHICH IS: JUNE 11, 2024 AT 10:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701.** (RE: related document(s)19 Motion to Extend Time filed by Creditor Law Offices of Hollie A. Lemkin) (NB8) (Entered: 05/06/2024) |
| 05/07/2024 | 22 (2 pgs) | Notice of Hearing *Amended Notice of Hearing* Filed by Creditor Law Offices of Hollie A. Lemkin (RE: related document(s)19 Motion to Extend Time *re Section 707(b) Motions* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) - See docket entry no.: 20 for corrections - Modified on 5/6/2024 (NB8).). (Heston, Richard) (Entered: 05/07/2024) |
| 05/28/2024 | 23 (81 pgs) | Opposition to (related document(s): 19 Motion to Extend Time *re Section 707(b) Motions* filed by Creditor Law Offices of Hollie A. Lemkin) Filed by Debtor Susan Jo White (Altman, Anerio) - See docket entry no.: 25 for corrections - Modified on 5/29/2024 (NB8). (Entered: 05/28/2024) |
| 05/29/2024 | 24 (1 pg) | Personal Financial Management Course Certificate for Debtor 1 (Official Form 423) (Geving, Allison) (Entered: 05/29/2024) |
| 05/29/2024 | 25 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA WITH THE CORRECT HEARING INFORMATION, WHCH IS: JUNE 11, 2024 AT 11:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701.** (RE: related document(s)23 Opposition filed by Debtor Susan Jo White) (NB8) (Entered: 05/29/2024) |
| 06/04/2024 | 26 (17 pgs) | Reply to (related document(s): 23 Opposition filed by Debtor Susan Jo White) Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 06/04/2024) |
| 06/11/2024 | 27 (5 pgs) | Notice of lodgment Filed by Creditor Law Offices of Hollie A. Lemkin (RE: related document(s)19 Motion to Extend Time *re Section 707(b) Motions* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) - See docket entry no.: 20 for corrections - Modified on 5/6/2024 (NB8).). (Heston, Richard) (Entered: 06/11/2024) |
| 06/11/2024 | 28 (2 pgs) | Order After Hearing On Motion To Extend Deadline To File Motion To Dismiss Pursuant To Section 707(b). IT IS ORDERED: 1. The Motion Is GRANTED. 2. The Deadline For Creditor Law Offices Of Holly A. Lemkin, APC To File A Motion To Dismiss Pursuant To 11 U.S.C. Section 707(b) Is EXTENDED TO JUNE 12, 2024. (BNC-PDF) (Related Doc # 19 ) Signed on 6/11/2024 (NB8) (Entered: 06/11/2024) |
| 06/11/2024 | 33 | Hearing Held On Motion (RE: related document(s)19 Motion To Extend Deadline To File Motion To Dismiss Pursuant To Bankruptcy Code Section 707(b) filed by Creditor Law Offices of Hollie A. Lemkin) - ORDER BY ATTORNEY - MOTION GRANTED (NB8) (Entered: 06/14/2024) |

| 06/12/2024 | [29](12 pgs) | Adversary case 8:24-ap-01087. Complaint by Hollie A. Lemkin against Susan Jo White. Fee Amount $350 Nature of Suit: (68 (Dischargeability - 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge - 727(c),(d),(e))) (Heston, Richard) (Entered: 06/12/2024) |
| --- | --- | --- |
| 06/12/2024 | [30](13 pgs) | Motion to Dismiss Case for Abuse and Notice of Motion (BNC) Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 06/12/2024) |
| 06/12/2024 | 31 | Hearing Set (RE: related document(s)[30] Motion To Dismiss Chapter 7 Case Pursuant To Section 707(b)(2) & (3) (BNC) filed by Creditor Law Offices of Hollie A. Lemkin) The Hearing date is set for 7/16/2024 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 06/13/2024) |
| 06/13/2024 | [32](3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[28] Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/13/2024. (Admin.) (Entered: 06/13/2024) |

| **PACER Service Center** | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 07/02/2024 21:22:30 | | | |
| **PACER Login:** | atty228445 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:24-bk-10187-SC Fil or Ent: filed From: 4/3/2020 To: 7/2/2024 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26632 Towne Centre Drive #300, Foothill Ranch, CA 92610

A true and correct copy of the foregoing document entitled (*specify*):

Opposition to Docket #30

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___07/02/2024___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
Benjamin Heston bhestonecf@gmail.com, benheston@recap.email;NexusBankruptcy@jubileebk.net
Richard G. Heston rheston@hestonlaw.com,
yflores@hestonlaw.com,docs@hestonlaw.com;HestonRR41032@notify.bestcase.com,handhecf@gmail.com
Karen S Naylor (TR) alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**

On (*date*) ___07/02/2024___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___07/02/2024___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

| 07/02/2024 | Anerio Ventura Altman, Esq. | /s/ Anerio Ventura Altman, Esq. |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**