Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
PO Box 515381
Los Angeles, CA 90051
Phone and Fax: (949) 218-2002
avaesq@lakeforestbkoffice.com
**ATTORNEY FOR DEBTOR**
**SUSAN JO WHITE**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA –SANTA ANA DIVISION

| | |
|---|---|
| In re: SUSAN JO WHITE<br><br>Debtor | Case No.: 8:24-bk-10187-SC<br><br>Chapter: 7<br><br>**NOTICE OF ERRATA AND REQUEST TO TAKE JUDICIAL NOTICE OF A CASE OUTSIDE THE 9TH CIRCUIT _In Re Gandy_**<br><br>**JUDGE:**<br>Hon. Scott Clarkson<br><br>**HEARING:**<br>Date:  July 16th, 2024<br>Time: 10:00 A.M.<br>Place: 411 West Fourth Street #5C, Santa Ana, CA 92701 |

///

///

- 1

NOTICE OF ERRATA AND REQUEST TO TAKE JUDICIAL NOTICE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that Debtor Susan White filed an Opposition to Creditor Hollie Lemkin's Motion to Dismiss filed as Docket #30, a series of Evidentiary Objections and a Request for Judicial Notice on July 2nd, 2024.

In those documents, as pointed out by Creditor Hollie Lemkin in her Reply on Docket #42, Debtor cited to the incorrect case as a District Case and included the incorrect case in her Request for Judicial Notice filed on July 2nd, 2024 as stated on Page 4 of her Opposition, Docket #30.

The correct site is to an unpublished ruling out of the sixth circuit by a bankruptcy trial court, not a District Court, on July 12th, 2013 in the matter of <u>In Re Gandy</u> 11-30369.

A copy of that ruling is attached.

Date: July 10, 2024               Signed:/S/ ANERIO V. ALTMAN, ESQ.
                                          ANERIO V. ALTMAN, ESQ.
                                          ATTORNEY FOR DEBTOR
                                          SUSAN WHITE

Case No. 11-30369

UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

# In re Gandy

Decided Jul 12, 2013

Case No. 11-30369

07-12-2013

In re KEVIN BRIAN GANDY Debtor

Richard Stair

SO ORDERED. THIS ORDER HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

———————

**Richard Stair Jr.**

UNITED STATES BANKRUPTCY JUDGE

## MEMORANDUM AND ORDER ON

## MOTION TO DISMISS CASE

This contested matter is before the court upon the Motion to Dismiss Case (Motion to Dismiss) filed by Elliott Schuchardt, a creditor, on March 26, 2013, asking the court to dismiss the Debtor's bankruptcy case pursuant to 11 U.S.C. § 707(b) (2006). On May 8, 2013, the Debtor filed his Response to Motion to Dismiss Filed by Elliot [sic] Schuchardt, which was amended on May 23, 2013, by Debtor's Amended Response to Motion to Dismiss Filed by Elliot [sic] Schuchardt (collectively, Response to Motion to Dismiss). On May 30, 2013, the court entered a scheduling Order setting forth the issues, which was amended on June 11, 2013, to include as an issue whether Mr. Schuchardt has standing to seek dismissal under § 707(b) given the restrictions of § 707(b)(6) and (7). Thereafter, on July 3, 2013, the court

2 entered an Order directing Mr. Schuchardt to appear *2 on July 18, 2013, to show cause why the Motion to Dismiss should not be denied since the Debtor's Chapter 7 Statement of Current Monthly Income and Means-Test Calculation filed on March 25, 2013, establishes on its face that there is no presumption of abuse given that the Debtor's annualized current monthly income of $51,996.00 on February 3, 2011, was less than the $52,368.00 median income in Tennessee applicable to a family of the Debtor's size, i.e., three.[1] In response to the show cause Order, Mr. Schuchardt filed a Brief in Response to Rule to Show Cause Concerning Schuchardt's Standing to File Motion to Dismiss on July 4, 2013. Because the July 18, 2013 show cause hearing is now unnecessary, it is STRICKEN.

> [1] The Debtor commenced his bankruptcy case under Chapter 13 on February 3, 2011, and thereafter converted it to Chapter 7 on March 25, 2013. Because 11 U.S.C. § 348(a) (2006) directs that the order for relief in the converted Chapter 7 case is the date of the filing of the petition, the means test calculation under Chapter 7 is determined as of February 3, 2011, the date the Chapter 13 petition was filed.

Mr. Schuchardt filed the Motion to Dismiss pursuant to § 707(b) which provides, in material part:



1

Case 8:24-bk-10187-SC    Doc 44    Filed 07/10/24    Entered 07/10/24 17:25:49    Desc
Main Document    Page 4 of 8

In re Gandy, Case No. 11-30369 (Bankr. E.D. Tenn. Jul. 12, 2013)

(b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. . . . .

(2)(A)(i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of—

> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,025, whichever is greater; or
> (II) $11,725.
> . . . .

*3 (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (2)(A)(i) does not arise or is rebutted, the court shall consider—

> (A) whether the debtor filed the petition in bad faith; or
> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.
> . . .

(6) Only the judge or United States trustee (or bankruptcy administrator, if any) may file a motion under section 707(b), if the current monthly income of the debtor, or in a joint case, the debtor and the debtor's spouse, as of the date of the order for relief, when multiplied by 12, is equal to or less than—

> . . .
> (B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals[.]
> . . .

(7)(A) No judge, United States trustee (or bankruptcy administrator, if any), trustee, or other party in interest may file a motion under paragraph (2) if the current monthly income of the debtor, including a veteran (as that term is defined in section 101 of title 38), and the debtor's spouse combined, as of the date of the order for relief when multiplied by 12, is equal to or less than—

> . . .
> (ii) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals[.]

11 U.S.C. § 707(b). In his brief, Mr. Schuchardt argues that, notwithstanding the limitations imposed by subsections (6) and/or (7) prohibiting the filing of motions by creditors, he has standing to file the Motion to Dismiss because, based upon the paycheck stubs filed for the six-month period preceding the filing of his bankruptcy case on February 3, 2011, the Debtor has filed a false means *4 test with an inaccurate annualized current monthly income. However, the language of the statute itself makes it clear that Mr.



Case 8:24-bk-10187-SC    Doc 44    Filed 07/10/24    Entered 07/10/24 17:25:49    Desc
Main Document    Page 5 of 8

In re Gandy, Case No. 11-30369 (Bankr. E.D. Tenn. Jul. 12, 2013)

Schuchardt does not possess standing to file a motion to dismiss under § 707(b).

The starting point for interpreting any statute is its plain language, and where the statutory language "is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S. Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S. Ct. 192, 194, 61 L.Ed. 442 (1917)). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 254, 112 S. Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (quoting *Rubin v. United States,* 449 U.S. 424, 430, 101 S. Ct. 698, 701, 66 L.Ed.2d 633 (1981)). "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *Ron Pair Enters., Inc.,* 489 U.S. at 240-41, 109 S. Ct. at 1030. There is no ambiguity regarding the limitations imposed by § 707(b)(6), which is the subsection expressly implicated herein - if a debtor's current monthly income multiplied by twelve is less than the median family income for a family of the debtor's size for the state in which the debtor resides, only a judge or the United States Trustee may file a motion to dismiss under § 707(b). *See, e.g., Hiller v. Hiller (In re Hiller),* 482 B.R. 462, 469 (Bankr. D. Mass. 2012) (stating that if the debtor's current monthly income multiplied by twelve was less than the median family income, the creditor was "statutorily precluded from moving for dismissal under § 707(b)."). The limitation becomes even stricter under subsection (7), where no party, including a judge or United States Trustee, may file a § 707(b) motion involving § 707(b)(2). *5

Here, the Chapter 7 Statement of Current Monthly Income and Means-Test Calculation filed by the Debtor on March 25, 2013, clearly reflects in Part II. Calculation of Monthly Income For § 707(b)(7) Exclusion that the Debtor's gross wages, salary, tips, bonuses, overtime, and commissions were, as of February 3, 2011, $4,333.00. Multiplying that figure by twelve yields, as reflected in Part III. APPLICATION OF § 707(b)(7) EXCLUSION, an annualized current monthly income of $51,996.00, which is less than the $52,368.00 "Applicable median family income" for debtors having a household size of three for the State of Tennessee in cases filed on that date. Accordingly, as reflected in block 15 of Part III., the § 707(b) presumption "does not arise." The Debtor was not required to attach six months of paycheck stubs to this document, which he signed "under penalty of perjury that the information provided [therein] is true and correct[,]" and creditors are not authorized to go behind the figures listed in the Chapter 7 Statement of Current Monthly Income and Means-Test Calculation for the purposes of filing a § 707(b) motion. What is reflected on the face of the filed document is the basis by which a determination under § 707(b)(6) and/or (7) is made. As such, because the Debtor's Chapter 7 Statement of Current Monthly Income and Means-Test Calculation reflects on its face that the Debtor's income is less than the median for a family of three in the State of Tennessee as of the petition date, only the court and the United States Trustee possess the standing, pursuant to § 707(b)(6), to seek dismissal of the Debtor's case under § 707(b). As the court has suggested to Mr. Schuchardt on more than one occasion, his claim, if he has one, arises under 11 U.S.C. § 727 in the form of an adversary proceeding objecting to the Debtor's discharge.

For the above reasons, the Motion to Dismiss is DENIED.

###



Case 8:24-bk-10187-SC    Doc 44    Filed 07/10/24    Entered 07/10/24 17:25:49    Desc
Main Document    Page 6 of 8

In re Gandy, Case No. 11-30269 (Bankr. E.D. Tenn. Jul. 12, 2013)

casetext
Part of Thomson Reuters

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26632 Towne Centre Drive #300, Foothill Ranch, CA 92610

A true and correct copy of the foregoing document entitled (*specify*):

Notice of Errata

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __07/10/2024__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
Benjamin Heston bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Richard G. Heston rheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com;HestonRR41032@notify.bestcase.com,handhecf@gmail.com
Karen S Naylor (TR) alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) __07/10/2024__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __07/10/2024__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                       **F 9013-3.1.PROOF.SERVICE**

| | | | |
|---|---|---|---|
| **07/10/2024** | **Anerio Ventura Altman, Esq.** | | **/s/ Anerio Ventura Altman, Esq.** |
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**